# IN THE COURT OF APPEALS OF IOWA

No. 20-0923
Filed September 23, 2020

**IN THE INTEREST OF O.W.,**
**Minor Child,**

**K.W., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mary L. Timko, Associate Juvenile Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Douglas L. Roehrich, Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Meret Thali of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

A father appeals the order terminating his parental rights to his child. He contends the State failed to prove the grounds for termination by clear and convincing evidence. He also contends termination is contrary to the child's best interests. We review his claims do novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child came to the attention of the Iowa Department of Human Services (DHS) in March 2019 due to concerns about the parents' drug use while supervising the child and violence in the home. The father admitted to being an alcoholic and chronic marijuana user who was in need of inpatient treatment. But for three months, the father failed to respond to attempts by the DHS to contact him. During that time, he was arrested for and pled guilty to possession of methamphetamine with intent to deliver. The State petitioned to adjudicate the child to be a child in need of assistance (CINA), which the juvenile court granted.

After contacting the DHS, the father obtained a substance-abuse evaluation and began extended outpatient treatment in August 2019. Although the father tested negative for drug use in September and October, he tested positive for methamphetamine use on December 1 and was "very reluctant to share any information" about his relapse.

After a December 16 review hearing, the juvenile court determined it was in the child's best interests to initiate termination proceedings, and the State petitioned to terminate the father's parental rights under Iowa Code section 232.116(1)(h), (i), and (*l*) (2020). The father seldom attended his outpatient-treatment sessions and continued using methamphetamine and marijuana. He

began a one-month inpatient treatment program in April and started outpatient treatment following discharge. The father claimed he last used drugs one or two weeks before beginning inpatient treatment, but he had not been tested for drug use after his discharge.

The juvenile court found the State established each ground for termination under section 232.116(1)(h),(i), and (*l*) by clear and convincing evidence and terminated the father's parental rights. We may affirm the termination order if the record supports termination on one of those grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The father challenges termination under section 232.116(1)(h), arguing there is insufficient evidence to show the child would be exposed to adjudicatory harm if returned to his care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication).

Clear and convincing evidence shows the child would be at risk of further adjudicatory harm if returned to the father at the time of the termination hearing. Before the CINA adjudication, the father supervised the child while under the influence of methamphetamine. He was able to remain sober for two months during his first bout of treatment, but his attendance became sporadic and he relapsed. At the time of the termination hearing, the father was again at the two-

month mark in the recovery process. Considering the father's history, the prognosis for his recovery is guarded at best. *See A.B.*, 815 N.W.2d at 778 (noting that a parent's past performance "may be indicative of the quality of the future care that parent is capable of providing" (citation omitted)). The State proved the grounds for terminating the father's parental rights under Iowa Code section 232.116(1)(h).

The father next disputes that termination is in the child's best interests. *See* Iowa Code § 232.116(2); *D.W.*, 791 N.W.2d at 706-07 (requiring that the court "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights"). In determining best interests, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements" we consider in making this determination are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). As stated above, the father's unresolved substance-use issues prevent the father from providing the child with a safe and stable home. Termination is in the child's best interests.

The father also asserts it is not in the child's best interests to terminate his parental rights due to the strong bond he has with the child. He also claims termination is unnecessary because the child is in the custody of the maternal grandparents. The court "need not terminate the relationship between the parent and child" if "[a] relative has legal custody of the child" or if "[t]here is clear and

convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(a), (c). But the juvenile court's decision regarding whether to apply the provisions of section 232.116(3) to avoid termination is permissive, not mandatory. *See A.S.*, 906 N.W.2d at 475. That decision depends on the facts of each case and the child's best interests. *See id.*

Even assuming the grounds set forth in section 232.116(3)(a) and (c) exist, we are not convinced that they warrant preservation of the parent-child relationship. Children are not equipped with pause buttons, and delaying permanency in favor of a parent is contrary to the child's best interests. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). The statutory grounds for termination afforded the father six months. *See* Iowa Code § 232.116(1)(h)(3). The father's progress was only minimal in twice that time. O.W.'s placement with paternal grandparents does not diminish the urgency of the child's need for permanency. Because the child

requires the permanency that termination affords, we affirm the termination of the father's parental rights.

**AFFIRMED.**